UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE CANESSA,

                Plaintiff,

      -against-

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE OFFICERS JOHN DOE
and JANE DOE # 1–5,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
09-CV-3256 (ADS)(ETB)

**APPEARANCES:**

**Christina Andrea Hall, Esq.**
*Attorney for the plaintiff*
330 Cross Bay Blvd
Broad Channel, NY 11693

**Suffolk County Attorney Christine Malafi**
*Attorney for the defendants*
P.O. Box 6100
H. Lee Dennison Building-Fifth Floor
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
      By:    Assistant County Attorney Arlene S. Zwilling

**SPATT, District Judge.**

      Plaintiff Jose Canessa brought the present false arrest case against defendants County of Suffolk and five unnamed Suffolk County police officers, alleging violations of both federal and state law. The defendants now move to dismiss all of the plaintiff's state law claims as barred by the relevant statute of limitations. For the reasons set forth below, the court grants the defendants' motion.

# I. BACKGROUND

The following facts are taken from the plaintiff's complaint. As required at this procedural stage, the Court accepts them as true.

Plaintiff Jose Canessa alleges that, on the morning of July 2, 2007, he was driving his wife's minivan to work when a Suffolk County police officer pulled him over. The unidentified officer spoke briefly with Canessa, and then directed Canessa to wait in his minivan. After Canessa had waited for approximately an hour in his stopped vehicle, the officer arrested and handcuffed Canessa without explanation. Once arrested, the officer placed Canessa in his car and brought him to a police station, where he was processed and transferred to two more officers, who transported him to an unidentified courthouse. At the courthouse, Canessa was placed in a holding cell, and seven hours later, he was arraigned on traffic violation charges. At the arraignment proceeding, Canessa was released with a return date, and upon his return appearance, the charges against Canessa were dismissed. Canessa does not state the date on which these charges were dismissed, but the Court takes judicial notice of Canessa's arrest record, which shows that the charges were dismissed on July 30, 2007.

Based on these alleged facts, Canessa filed a notice of claim with Suffolk County on August 30, 2007, and on July 29, 2009, he commenced the present law suit in the District Court for the Eastern District of New York. Canessa asserts federal claims under 42 U.S.C. § 1983 against all of the defendants, alleging violation of his constitutional rights. He also asserts state law claims of (1) false arrest, (2) false imprisonment, (3) assault, (4) battery, (5) malicious prosecution, (6)

malicious abuse of process, and (7) intentional infliction of emotional distress against all of the defendants.  Against defendant Suffolk County, Canessa alleges state law claims for (1) negligent hiring and retention, and (2) negligent training and supervision.  The defendants now move to dismiss all of the plaintiff's state law claims on the grounds that they are barred by the applicable statute of limitations.

## II. DISCUSSION

The defendants assert that all of the plaintiff's state law claims are time barred by state law.  While the plaintiff has filed an opposition to the defendants' motion to dismiss, his opposition fails to address the substance of the defendants' motion.

Here, the operative law governing the time commence an action against the defendant Suffolk County is Section 50-i of the New York General Municipal Law.  Section 50-i provides that a plaintiff must commence any action against a county for "personal injury" within one year and ninety days from the claim's accrual.  See, e.g., Geslak v. Suffolk County, No. 06-CV-251 (NGG)(AKT), 2008 WL 620732, *2 (E.D.N.Y. Mar. 5, 2008) (applying Section 50-i limitations period to a state claim in federal court).  Under New York General Construction Law section 37-a, "personal injury" includes "malicious prosecution, . . . assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another."  To the extent Section 50-i does not on its face apply to the plaintiff's state law negligence claims against Suffolk County, New York County Law § 52 makes plain that *all* claims for damages against a county must be filed within the one year and ninety day period required by Section 50-i.  N.Y. County L. § 52

("Any claim . . . against a county for damage . . . shall be commenced pursuant to the provisions of section fifty-i of the general municipal law.").

Here, the last of the plaintiff's claims accrued on July 30, 2007, when the charges against him were dismissed. The present case was commenced one year and three hundred sixty-four days later, on July 29, 2009. This is beyond the limitations period provided by Section 50-i, and thus all of the plaintiff's state law claims against Suffolk County are dismissed as untimely.

As for the state law claims asserted against the defendant police officers, there is some disagreement among courts as to whether the limitations period provided in Section 50-i applies to them. See, e.g., Lieber v. Village of Spring Valley, 40 F. Supp. 2d 525, 533–34 (S.D.N.Y. 1999) (collecting cases, and noting that some courts have applied Section 50-i's limitations period for intentional tort claims against police officers, while others have applied the limitations period that otherwise applies under C.P.L.R. § 215(3)); see, also, Niles v. City of Oneida, No. 06-cv-1492 (GTS)(GHL), 2009 WL 799971, *4–5 (N.D.N.Y. Mar. 25, 2009). However, this dispute is immaterial. The limitations period under Section 50-i is one year and ninety days, while the period that would otherwise apply to the state law torts asserted against the defendant officers is one year. See C.P.L.R. § 215 ("The following actions shall be commenced within one year: . . . (3) an action to recover damages for assault, battery, false imprisonment, [or] malicious prosecution"); Dinerman v. City of New York Admin. for Children's Services, 50 A.D.3d 1087, 1088, 857 N.Y.S.2d 221 (2d Dep't 2008) (holding that the statute of limitations for intentional infliction of emotional distress is one year, pursuant to

C.P.L.R. § 215); <u>Ahmed v. Ahmed</u>, 21 Misc.3d 1145(A) (N.Y. Sup. 2008) (noting that "false arrest" and "false imprisonment" are the same tort in New York State). Here, the plaintiff filed his claims almost two years after his last claim accrued. Thus, neither limitations period is satisfied, and all of the state law claims are untimely. They are therefore dismissed.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion to dismiss all of the state law claims is granted.

**SO ORDERED.**

Dated: Central Islip, New York
April 10, 2010

                                                    _/s/ Arthur D. Spatt_
                                                     ARTHUR D. SPATT
                                             United States District Judge